IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action 3:12-CV-154-GCM

| | |
|---|---|
| ABT, INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>ACO POLYMER PRODUCTS, INC.,<br><br>                Defendant. | **STIPULATION AND<br>PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff ABT, Inc. and Defendant ACO Polymer Products, Inc. ("Party" or "Parties") stipulate to the issuance of the following Stipulation and Protective Order ("Order") limiting the disclosure and use of certain information and agree to be bound by the terms of this Order as hereinafter provided:

IT IS HEREBY AGREED TO AND ORDERED THAT:

    1.    <u>Scope</u>.

        (a)    All documents and information produced by a Party in conjunction with this litigation which contain or are derived from trade secrets or other confidential or proprietary research, development, or commercial information ("Confidential Information") shall be designated "CONFIDENTIAL" and furnished to the other Party pursuant to the terms of this Order. The Party receiving the Confidential Information shall not use or disclose the information except in accordance with this Order. The terms of this Order extend to all Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials produced by a Party or non-party in

response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the Confidential Information. Without limiting the generality of the foregoing, the provisions of this Order extend to materials which were filed under seal in *ABT, Inc. v. Juszczyk, et al.,* United States District Court, Western District of North Carolina, Case No. 5:09-CV-00119 (the "Juszczyk Lawsuit").

(b) All documents and information described in Paragraph 1(a) as Confidential Information and which are of such a highly commercially sensitive nature, such as certain documents or information reflecting, containing or derived from confidential pricing, production cost, marketing, customer, or financial information, that the information should be restricted to counsel for the Parties, including their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation collectively, "Counsel"), to an outside expert who is not employed by or affiliated with a Party or an affiliate of a Party and is retained by counsel for the purposes of consulting and/or testifying in this litigation or other persons identified in paragraph 5 of this Order, shall be designated "Highly Confidential-Attorneys' Eyes Only" and furnished to the other Party pursuant to the terms of this Order, provided that such designations may be objected to as set forth in Paragraph 7 hereof.

(c) Materials which were filed under seal in the Juszczyk Lawsuit shall be treated as Highly Confidential-Attorneys' Eyes Only Information hereunder unless and until the Court orders or the producing Party agrees in writing that the materials may be treated as Confidential Information hereunder.

2. <u>Designation of Confidentiality</u>. Documents or information may be designated Confidential or Highly Confidential-Attorneys' Eyes Only within the meaning of this Order in the following ways:

(a) In the case of documents, designation shall be made by means of the following legend placed on each page of any such document: "Confidential" or "Highly Confidential-Attorneys' Eyes Only". The Parties shall not make "Blanket Designations" of "Highly Confidential-Attorneys' Eyes Only" documents, defined as (i) five or more consecutive pages or files produced in discovery; or, (ii) more than one-half of all documents or files produced in response to a single request of production of documents, whichever is less in measure, unless the content makes clear the need for such designations. Blanket Designations may be challenged by the non-producing Party upon motion to the Court, requesting re-designation from "Highly Confidential-Attorneys' Eyes Only" to "Confidential" if, after the Parties' attorneys meet-and-confer, the Parties cannot agree on the appropriateness of a designation. If re-designation is ordered by the Court, the Court has the discretion to award the non-producing Party costs associated with filing its motion for re-designation, including reasonable attorney's fees.

(b) In the case of interrogatory answers and responses to requests for admissions, designation shall be made by means of a statement in each answer or response specifying that the answer or response or specific parts thereof are designated Confidential or Highly Confidential-Attorneys' Eyes Only. The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential-Attorneys' Eyes Only Information: "CONTAINS CONFIDENTIAL INFORMATION" [OR "CONTAINS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION"]. Designated parts not to be used, copied or disclosed except as authorized by Court Order."

(c) In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which

contain Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall be made by a statement to such effect on the record during the deposition by counsel for the Party or witness producing such information, or by letter from counsel to the court reporter, with copies to counsel of record, within 14 days of receipt of the deposition transcript or copy thereof. Unless agreed otherwise by the Parties, the entire deposition transcript (including exhibits) shall be treated as Highly Confidential-Attorneys' Eyes Only Information until the expiration of the above-referenced 14-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this 14-day period. Before the 14-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript: "TREAT AS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION UNTIL FURTHER DESIGNATION". After the 14-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential-Attorneys' Eyes Only Information: "CONTAINS CONFIDENTIAL INFORMATION" [or "CONTAINS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION"]. Designated parts not to be used, copied or disclosed except as authorized by Court Order." If all or part of a videotaped deposition is designated as Confidential or Highly Confidential-Attorneys' Eyes Only, the videocassette or other videotape container shall be labeled with the same legend.

(d) If a Party produces matter stored in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Electronically Stored Information" or "ESI"), the producing Party may designate such matter as Confidential or Highly Confidential-Attorneys' Eyes Only by cover letter referring generally to such matter. Whenever a Party to whom ESI designated as Confidential or Highly

Confidential-Attorneys' Eyes Only is produced reduces such material to hard-copy form, such Party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above.

(e) To the extent a Party or counsel for a Party creates, develops or otherwise establishes any ESI which contains information designated Confidential and/or Highly Confidential-Attorneys' Eyes Only, that Party and/or its counsel must take all necessary steps to insure that access to that ESI is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and/or Highly Confidential-Attorneys' Eyes Only Information.

(f) All materials filed with the Court containing or reflecting the contents of Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall be filed under seal in accordance with Local Rule 6.1. At its election, a Party is not required to file a document under seal if the Confidential Information or Highly Confidential-Attorneys' Eyes Only Information contained or reflected in the document was so designated solely by that Party.

3. <u>Use of Confidential Information or Highly Confidential-Attorneys' Eyes Only Information</u>. Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall be used by the non-producing Party or any other recipient, solely for the purpose of conducting this lawsuit and in accordance with the terms of this Order, and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law.

4. <u>Disclosure of Confidential Information</u>. Access to information designated Confidential pursuant to this Order shall be limited to:

(a) Counsel, as defined in paragraph 1(b) of this Order;

(b) outside photocopying, data processing or graphic production services employed by the Parties or their counsel to assist in this litigation;

(c) any outside expert who is not employed by or affiliated with a Party or an affiliate of a Party and is retained by counsel for the purposes of consulting and/or testifying in this litigation;

(d) a Party or any director, officer or employee of a Party charged with the responsibility for making business decisions dealing directly with the resolution of this litigation, as well as any employee of a Party consulted by counsel in good faith for the purpose of assistance in connection with this litigation;

(e) any person who has been noticed for deposition, or any person whose testimony is taken or is to be taken at trial in this litigation who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this litigation;

(f) any person who wrote or received the particular document sought to be disclosed (provided that the document has not been altered since that person wrote or received the document), any person who is referenced, discussed, mentioned or has demonstrated working knowledge of the specific subject addressed in the particular document sought to be disclosed, any person currently employed by the producing Party or, with respect to any dated document, any person formerly employed by the producing Party if that person normally would have had access on the date of the document to the specific subject matter contained in the particular document sought to be disclosed to that person, or any person who is testifying in this litigation, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the document sought to be disclosed to that person;

(g) this Court, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

(h) any other person to whom the Party producing the information agrees in writing.

5. <u>Disclosure of Highly Confidential-Attorneys' Eyes Only Information</u>. Access to information designated Highly Confidential-Attorneys' Eyes Only pursuant to this Order shall be limited to:

(a) Counsel as defined in paragraph 1(b) of this Order;

(b) outside photocopying, data processing or graphic production services employed by the Parties or their counsel to assist in this litigation;

(c) any outside expert who is not employed by or affiliated with a Party or an affiliate of a Party and is retained by counsel for the purposes of consulting and/or testifying in this litigation; provided, however, that if such outside expert is regularly engaged in consulting services for the Party receiving production or is involved in other litigation against the producing Party, the Party receiving production shall provide the Producing Party advance notice and 10 days to object before producing such information to the expert;

(d) any person who wrote or received the particular document sought to be disclosed to that person (provided that the document has not been altered since that person wrote or received the document), any person who is referenced, discussed, mentioned or has demonstrated working knowledge of the specific subject addressed in the document sought to be disclosed, any person currently employed by the producing Party or, with respect to any dated document, any person formerly employed by the producing Party if that person normally would have had access on the date of the document to the specific subject matter contained in the particular document sought to be disclosed to that person, or any person who is testifying in this matter, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the document sought to be disclosed to that person;

(e) If a non-producing Party's attorney is unable to understand the contents a document designated or referencing information designated as Highly Confidential Attorneys' Eyes Only, the non-producing Party may move the Court for relief from this Order to disclose a specific document to its corporate representative, if that access by the non-producing Party is necessary to assist counsel in assessing the significance of the designated document and after the non-Producing Party's attorney has met-and-conferred with the producing Party's counsel to discuss in good-faith the general contents of the document. Disclosure pursuant to this section 5(e) shall be permitted upon a good cause showing that no other reasonable means of assessing the significance of the designated document is available and that good cause exists as to its selection of the specific corporate representative who will review the Highly Confidential Attorney's Eyes Only document. Any discussions between the attorneys of either Party pursuant to this section 5(e) shall not constitute a waiver of any applicable privileges including, but not limited to, the attorney-client and work-product privileges.

(f) this Court, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

(g) any other person to whom the Party producing the information agrees in writing.

6. <u>Notification Of Confidentiality Order.</u> Confidential Information and Highly Confidential-Attorneys' Eyes Only Information shall not be disclosed to persons described in paragraphs 4(c)-(f), 4(h), 5(c)-(e) or 5(g) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. However, Confidential Information may be disclosed to non-parties (this does not include current employees of a Party) pursuant to paragraphs 4(e), 4(g) and 5(f), provided that such persons are

provided either a copy of this Order or the summary of this Order attached to this Order as Exhibit B, they represent that they have read and understand the provisions of this Order or its summary, and they are advised by the disclosing counsel that such persons are bound by the provisions of this Order. The originals of such Agreements shall be maintained by counsel for the Party who obtained them until the final resolution of this litigation.

7. <u>Objections to Designations</u>. A Party shall not be obligated to object to the propriety of a Confidential Information or a Highly Confidential—Attorneys' Eyes Only designation at the time made, and a failure to do so shall not preclude a subsequent objection. In the event a Party objects to the propriety of a Confidential Information or a Highly Confidential—Attorney's Eyes Only designation, counsel for the objecting Party shall confer with opposing counsel in a good faith attempt to resolve the objection. If the Parties are unable to resolve the objection, the objecting Party may move the Court for a ruling, in which case the producing Party shall have the burden of supporting its designation. Any material subject to such a motion shall be treated in accordance with its putative designation pending resolution of the dispute. As an incentive to encourage judicious designations and informal resolution of designation disputes and minimize involvement of the Court, if re-designation is ordered, the Court has the discretion to award the non-producing Party costs associated with the filing of its motion for re-designation, including reasonable attorneys' fees.

8. <u>Use of Confidential Information or Highly Confidential-Attorneys' Eyes Only Information at Trial or Hearing</u>. Subject to the Federal Rules of Evidence and further Orders of the Court, a Party may use any Confidential Information or Highly Confidential-Attorneys' Eyes Only Information for any purpose at trial or at any hearing before the Court, provided that, in the case of Highly Confidential-Attorneys' Eyes Only Information, reasonable notice (except in unforeseen circumstances, at least 48 hours in advance) is given to counsel for the producing

Party, and provided further that such counsel may at the time of such proposed use, and prior to disclosure, move for an appropriate protective order.

9. <u>Preservation of Rights and Privileges</u>. Nothing contained in this Order shall affect any right of a Party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by a Party of any privilege to withhold any Confidential Information or Highly Confidential-Attorneys' Eyes Only Information, or of any right which a Party may have to assert such privilege at any stage of this litigation.

10. <u>Freedom to Advise Clients.</u> Nothing in this Order shall bar or otherwise prevent any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential Information or Highly Confidential-Attorneys' Eyes Only Information; provided however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents or source of any Confidential Information or Highly Confidential-Attorneys' Eyes Information to any person who is not authorized to receive such information under the terms of this Order.

11. <u>Return of Materials</u>. Upon completion of this litigation, all Confidential Information and Highly Confidential-Attorneys' Eyes Only Information, including copies, abstracts and summaries thereof, shall, at the option of the producing Party, be returned to the producing Party or destroyed with certification by the other Party of its destruction of that information.

12. <u>Inadvertent or Unintentional Disclosure.</u> The inadvertent or unintentional disclosure of Confidential Information or Highly Confidential-Attorneys' Eyes Only

Information, or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege or work product doctrine (an "Inadvertently Produced Privileged Document"), regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Upon learning of an inadvertent or unintentional disclosure of Confidential Information, Highly Confidential-Attorneys' Eyes Only Information or an Inadvertently Produced Privileged Document, the producing Party shall within ten days designate such information as Confidential, Highly Confidential-Attorneys' Eyes Only, or assert a claim of privilege.  Nothing contained within this paragraph prevents a Party from challenging any such designation pursuant to the procedures contained in paragraph 7 of this Order.

13. A Party's compliance with the terms of this Order shall not operate as an admission regarding the confidentiality, admissibility, or privileged nature of any particular document or information.

14. Any non-party that provides discovery in this litigation, by deposition, production of documents or otherwise, shall be entitled to the protections of this Order with respect to any Confidential Information such non-party produces.  Counsel for the Party seeking discovery from a non-party shall provide such non-party a copy of this Order, and such non-party may designate materials as Confidential Information and/or Highly Confidential-Attorneys' Eyes Only Information in the manner set forth in this Order, and any materials so designated shall be treated the same as any Confidential Information and Highly Confidential-Attorneys' Eyes Only Information designated by the Parties.

15. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. The Court retains jurisdiction over this action for enforcement of this Order.

16. This Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by Order of the Court.

17. The ultimate disposition of protected materials shall be subject to a final Order of the Court upon completion of the litigation.

Signed: January 17, 2013

*[Signature]*

Graham C. Mullen
United States District Judge

This 15th day of January, 2013.

/s/Paul J. Peralta
Paul J. Peralta
N.C. Bar No. 34622

MOORE & VAN ALLEN PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC  28202
Telephone:  (704) 331-1024
Facsimile:   (704) 339-5869
paulperalta@mvalaw.com

*Attorneys for Plaintiff*
*ABT, Inc.*


/s/ R. Steven DeGeorge
R. Steven DeGeorge
N.C. Bar No. 20723

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina  28246
Telephone:     (704) 377-2536
Facsimile:     (704) 378-4000
sdegeorge@rbh.com


/s/ Philip R. Bautista
Philip R. Bautista (*admitted pro hac vice*)

TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio  44114
Telephone:  (216) 241-2838
Facsimile:   (216) 241-3707
pbautista@taftlaw.com

*Attorneys for Defendant*
*ACO Polymer Products, Inc.*

**SO ORDERED:**

# EXHIBIT A

## CERTIFICATION

I have read the annexed Stipulation and Protective Order, understand its contents, and hereby undertake to make no disclosures of any materials designated Confidential Information or Highly Confidential-Attorneys' Eyes Only Information to any person who is not permitted to have access to such materials by the Stipulation and Protective Order. In addition, I agree not to use any materials designated Confidential Information or Highly Confidential-Attorneys' Eyes Only Information for any purpose other than assistance in this litigation. I understand that a violation of this undertaking could be punishable as a contempt of court.

Date _____  Name _____

Signature _____

Sworn and subscribed before me
This \_\_\_\_ day of _____, 20\_\_\_

_____
              Notary Public

EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Civil Action 3:12-CV-154-GCM

| | |
|---|---|
| **ABT, INC.,**<br><br>　　　　　**Plaintiff,**<br><br>　v.<br><br>**ACO POLYMER PRODUCTS, INC.,**<br><br>　　　　　**Defendant.** | **NOTICE TO<br>DEPOSITION WITNESSES** |

　　　　You are being shown one or more documents which have been designated as **"Confidential" or "Highly Confidential-Attorneys' Eyes Only"** pursuant to a Protective Order of this Court. Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation – in any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court.

　　　　Upon request, you are entitled to a copy of the Protective Order.